STATE OF TENNESSEE
IN THE CIRCUIT COURT CIVIL FOR LOUDON COUNTY
AT LOUDON

NAPOLEON SUMLER,
Plaintiff,

v.

JURY DEMAND
CASE NO.: 2021-CV-135

BRIAN D. BOZARTH
and
LANDSTAR RANGER,
INC a/k/a RANGER
TRANSPORTATION,
INC,
Defendants,

TIME 3:54 AM/PM

FILED
DEC 2 2 2021
STEVE HARRELSON
CIRCUIT COURT CLERK
_____ D.C.

## COMPLAINT

Napoleon Sumler, Plaintiff, for his claim against Brian D. Bozarth, Landstar Ranger Inc, a/k/a Ranger Transportation Inc, Defendants, states as follows:

### PARTIES

1. Plaintiff, Napoleon Sumler, is an adult citizen and resident of Old Hickory, Tennessee, County of Davidson and resides at 1205 Robinson Road, Apt-376, Old Hickory, TN 37138.

2. Defendant, Brian D. Bozarth, is an adult citizen and resident of Willow Springs, Missouri, County of Howell and may be served with process at 4003 CR 1530, Willow Springs, MO 65793.

3. Defendant, Landstar Ranger, Inc, a/k/a Ranger Transportation, Inc is a Tennessee Limited Liability Company doing business in the State of Tennessee with its principal address

EXHIBIT A

located at 13410 Sutton Park Dr., S., Jacksonville, FL 32224 and its registered agent, C T Corporation System, located at 300 Montvue Rd., Knoxville, TN 37919. They may be served with process through their registered agent, C T Corporation System, at 300 Montvue Rd., Knoxville, TN 37919.

## JURISDICTION

4. This complaint was filed within the applicable statute of limitations.

5. Jurisdiction and venue are proper in this Honorable Court because Davidson County is the county in which the subject accident giving rise to this Complaint took place.

## CLAIM FOR NEGLIGENCE

6. On January 8, 2021, Plaintiff Napoleon Sumler, was in his vehicle driving Westbound on Interstate 40 near mile marker 368, in Loudon County, Tennessee.

7. At the same time and place, Defendant Brian D. Bozarth was driving a vehicle Westbound on Interstate 40 near mile marker 368 when Defendant, Brian D. Bozarth negligently failed to maintain proper lane in violation of T.C.A. sec. 55-8-123 (1) and T.C.A. sec. 55-8-136 and collided with the vehicle driven by Plaintiff, Napoleon Sumler.

8. Defendant Brian D. Bozarth was negligent in that he: (a) failed to keep a proper lookout for other automobiles; (b) followed too close; (c) failed to avoid a collision when in the exercise of reasonable care Defendant could have done so; and (d) operated the vehicle with disregard for the safety of users of the roadway.

9. At the time of the accident which is subject of this Complaint, Defendant Brain D. Bozar was operating a tractor trailer owned by Defendant Landstar Ranger, Inc a/k/a Ranger Transportation Inc, and Defendant Landstar Ranger, Inc a/k/a Ranger Transportation Inc had given Defendant Brian D. Bozarth permission to drive the vehicle.

2

10. Upon information and belief, Defendant Landstar Ranger, Inc a/k/a Ranger Transportation Inc. were negligent in that they knew or should have known that the decision to allow Defendant Brian D. Bozarth to operate their vehicle created a foreseeable danger to third parties. Said negligence was a substantial and proximate cause of the injuries the Plaintiff sustained.

11. At the time of this collision, Defendant Brian D. Bozarth was operating his vehicle within the course and scope of his employment with Defendant Landstar Ranger, Inc a/k/a Ranger Transportation Inc. and with their permission. As such, negligence of Defendant Brian D. Bozarth is imputed to Defendant Landstar Ranger, Inc a/k/a Ranger Transportation Inc. pursuant to the doctrines of vicarious liability, respondent superior, negligent entrustment, and/or the principles of agency. Defendant Landstar Ranger, Inc a/k/a Ranger Transportation Inc. are further responsible pursuant to T.C.A. sec. 55-10-311 (prima facie evidence of ownership and that operation was for owner's benefit).

12. Defendant Landstar Ranger Inc a/k/a Ranger Transportation Inc. were further guilty of negligence per se in that they violated one or more sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), which can be found at 49 C.F.R. Parts 300-399 either directly or as adopted by Tennessee Department of Transportation Safety Rules and Regulations Chapter 1340-6-01.

13. At the time of the collision, Defendant Landstar Ranger Inc a/k/a Ranger Transportation Inc. owned the vehicle operated by Defendant Brian D. Bozarth, either directly or through its affiliates under common overlapping ownership, management, and/or control. This Defendant negligently entrusted the vehicle to an operator and/or motor carrier that they

3

knew or should have known could not be relied upon to use it safely, and they further failed to properly inspect, maintain, and repair the vehicle while it was in use thereafter.

14. Upon information and belief, Defendant Landstar Ranger Inc a/k/a Ranger Transportation Inc. and/or their affiliates knew, or in the exercise of reasonable care, should have known that the Defendant Brian D. Bozarth, to whom the vehicle was entrusted, did not make reasonable efforts to comply with applicable Federal Motor Carrier Safety Regulations. Furthermore, Defendant Landstar Ranger Inc a/k/a Ranger Transportation Inc. did not have management practices in place to properly screen, qualify and supervise its drivers and/or to safely maintain their equipment during intervals between scheduled maintenance.

15. Defendant Landstar Ranger Inc a/k/a Ranger Transportation Inc. were also negligent in regard to the collision in the following ways:

    (a) Negligently hiring Defendant Brian D. Bozarth;

    (b) Negligently training Defendant Brian D. Bozarth;

    (c) Negligently retaining Defendant Brian D. Bozarth;

    (d) Negligently supervising Defendant Brian D. Bozarth;

    (e) Failing to use due care with regard to Defendant Brian D. Bozarth.

16. As a direct and proximate result of Defendants, Brian D. Bozarth, Landstar Ranger Inc a/k/a Ranger Transportation Inc's negligent conduct, Plaintiff, Napoleon Sumler has suffered injuries and has suffered physical pain and mental stress, has incurred medical expenses and lost wages.

WHEREFORE, Plaintiff, Napolon Sumler demands judgment against the Defendants in the amount up to $100,000.00 and costs; Plaintiff demands trial by jury of twelve (12); and Plaintiff demands such other and further relief to which he may prove entitled.

4

Respectfully submitted on __13__ of December, 2021.

Phillip S. Georges, Esq
BPR # 038360
Attorney for Napoleon Sumler

Of Counsel:

PHILLIP S. GEORGES, PLLC
2303 21st Ave. S, Suite 204
Nashville, TN 37212
Phone: 615-577-1011
Facsimile: 629-205-6709
Email: phil@wolfpacklawyers.com



**PHILLIP S GEORGES** PLLC

INJURY LAWYERS

December 14, 2021

TIME __3:34__ AM/PM FILED

DEC 22 2021

STEVE HARRELSON
CIRCUIT COURT CLERK
_____ D.C.

Loudon County Circuit Court Clerk
P.O. Box 280
Loudon, TN 37774

RE:
CLIENT NAME: Napoleon Sumler

Dear Sir/Madam:
Please find enclosed the compliant to be filed with Loudon County Circuit Court along with two summons. One will need to be served through the Sectary of State and Knox County Sheriff Department. Please returned the filed stamped compliant and summons in the self address stamped envelope that is enclosed.

Very Truly Yours,
**Phillip S. Georges, PLLC**
/s/ Crystal L. Tayes
Crystal Tayes

2303 21st Ave S • Suite 204 • Nashville TN 37212 • 615-486-4115
342 N. Water St • Suite 600 • Milwaukee WI 53202
291 McLaws Cir • Suite 1 • Williamsburg VA 23185
www.wolfpacklawyers.com

| LOUDON County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number 2021-CV-135 TIME 3:34 FILED AM |
|---|---|---|
| Napoleon Sumler | Vs. Brian D. Bozarth, et. al | DEC 22 2021 |

Served On:

~~Landster~~ Ranger a/k/a Ranger Transportation Inc. c/o CT Corporation System
300 Montvue Rd., Knoxville, TN 37919

STEVE HARRELSON
CIRCUIT COURT CLERK
/s/ Jabatha Prosser

You are hereby summoned to defend a civil action filed against you in **Circuit Civil** Court, **Loudon** County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **December 22, 2021**

Clerk / Deputy Clerk: /s/ Jabatha Prosser

Attorney for Plaintiff: **Phillip S. Georges**
**2303 21st Ave. S., Suit 204, Nashville, TN 37212**

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: **REFUSED TO SIGN**
**Landster Ranger**

Date: **DEC 30 2021**

By: **M. Baird 2525 LCSO**
Please Print: Officer, Title

Agency Address

Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff

Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, ASSISTANCE OR ACCOMODATIONS DUE TO A DISABILITY / HANDICAP, PLEASE CALL: AMERICAN DISABILITIES COORDINATOR AT (865) 458-4850

Rev. 03/11